# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3486 | **DATE** | 9-6-2011 |
| **CASE TITLE** | Aaron Lee (2009-0060422) vs. The Chicago Police Department, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Aaron Lee's motion for leave to proceed in forma pauperis [3] is granted. The court authorizes and orders Cook County Jail officials to deduct $10.30 from Lee's account and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. Defendant Chicago Police Department, and its corresponding real party in interest the City of Chicago, are dismissed as defendants. Chicago Police Officers Robert Stegmiller Star #18764, Sean Brandon Star #18866, Kerry Pozulp Star #17342, Darryl Hardy Star #16834, and Jose Lopez Star # 809 are added as defendants. The Clerk is directed to issue summonses for all remaining defendants, and also to send Lee a magistrate judge consent form and filing instructions along with a copy of this order. The Marshals is appointed to serve all defendants.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

*Pro se* plaintiff Aaron Lee, a detainee at the Cook County Jail, has brought a civil rights complaint pursuant to 42 U.S.C. § 1983 challenging his treatment by Chicago Police Officers. Pending before the court are Lee's motion for leave to proceed *in forma pauperis* (Doc. 3) and complaint (Doc. 1) for an initial review under 28 U.S.C. § 1915A.

Lee's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Lee is assessed an initial partial filing fee of $10.30. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Lee's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Lee's place of confinement is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Lee's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Lee's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Lee is transferred from the Jail to another correctional facility.

Turning to the initial review of the complaint, Lee alleges that on September 8, 2009, Chicago Police Officers Robert Stegmiller Star #18764, Sean Brandon Star #18866, Kerry Pozulp Star #17342, Darryl Hardy Star #16834, and Jose Lopez Star # 809 wrongfully tackled, strangled, handcuffed, and arrested him at his

apartment at 4774 S. King Drive in Chicago, Illinois. Lee has set forth claims of excessive force during an arrest and unlawful arrest. *Gonzalez v. City of Elgin*, 578 F.3d 526, 537-40 (7th Cir. 2009).

These officers are listed in the body of the complaint but not in the case caption. As the court is required to liberally construe the pro se complaint, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), the Clerk is requested to add Chicago Police Officers Robert Stegmiller Star #18764, Sean Brandon Star #18866, Kerry Pozulp Star #17342, Darryl Hardy Star #16834, and Jose Lopez Star # 809 as defendants.

Lee named the Chicago Police Department as a defendant in the caption. The City of Chicago is the real party in interest for suits against the Chicago Police Department. *See Lewis v. City of Chicago*, 496 F.3d 645, 645 n.1 (7th Cir. 2007) (citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997)). "A municipality may be held liable for a constitutional deprivation under *Monell v. Dep't of Soc. Servs. of City of New York*." *Waters v. City of Chicago*, 580 F.3d 575, 580 (7th Cir. 2009). "Misbehaving employees are responsible for their own conduct, 'units of government are responsible only for their policies rather than misconduct by their workers.'" *Lewis*, 496 F.3d at 656 (quoting *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2007)). "To establish municipal liability under § 1983 … a plaintiff must present sufficient evidence to show that the constitutional violation resulted from a municipal policy, custom or practice." *Waters*, 580 F.3d at 580 (citing *Monell*, 436 U.S. at 694). "To establish an official policy or custom, a plaintiff must show that his constitutional injury was caused by (1) the enforcement of an express policy of the [municipality], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467-68 (7th Cir. 2007) (citing *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001); *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). The complaint fails to allege any facts that could demonstrate municipal liability under *Monell*. It mentions only Lee's (apparently) single random event without demonstrating how this is part of a custom or practice by the City of Chicago sufficient to establish a *Monell* claim. *See Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005). The complaint also does not plausibly suggest how Lee was harmed by an express policy or decision by a final policymaker. Accordingly, the Chicago Police Department, and its real party in interest the City of Chicago, are dismissed for this action.

The Clerk is requested to issue summonses for service of the complaint on the five individual defendants. The Clerk also is requested to send Lee a Magistrate Judge Consent Form and Instructions for Submitting Documents, along with a copy of this order.

The United States Marshals Service is appointed to serve the five individual defendants. The Marshal shall send Lee any service forms that he must complete. The Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former Chicago Police Department and/or City of Chicago employee who can no longer be found at the work address provided by Lee, the Chicago Police Department and/or City of Chicago shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise]), and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the individual defendants in the manner prescribed by Fed. R. Civ. P. 4(d) before attempting personal service.

Lee is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Lee must provide the court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, Lee must send an exact copy of any court filing

| STATEMENT |
|---|
| to the defendants (or to defense counsel, once an attorney has entered an appearance on behalf of the defendants). Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the court. |